## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------x

In re:                                              :        Chapter 11
                                                    :
Vertellus Specialties Inc., *et al.*,[1]            :        Case No. 16-11290 (CSS)
                                                    :
      Debtors.                               :        (Jointly Administered)
                                                    :
                                                    :        **Hearing Date: Aug. 15, 2016 @ 4:00 p.m. ET**
                                                    :        **Obj. Deadline: Aug. 8, 2016 @ 4:00 p.m. ET**
-------------------------------------------------------------x

## DEBTORS' APPLICATION FOR ENTRY OF AN ORDER, PURSUANT TO BANKRUPTCY CODE SECTION 327(a), AUTHORIZING THE EMPLOYMENT OF DELOITTE TAX LLP AS TAX SERVICES PROVIDER TO THE DEBTORS *NUNC PRO TUNC* TO JUNE 6, 2016

      The above-captioned debtors (collectively, the "Debtors") hereby apply to the Court for

entry of an order pursuant to sections 327(a) and 328 of title 11 of the United States Code (the

"Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") and Rule 2014-1of the Local Rules of Bankruptcy Practice and Procedure of the United

States Bankruptcy Court for the District of Delaware (the "Local Rules"), and consistent with the

*Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed*

*under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, issued by the Executive Office of

the United States Trustee (the "US Trustee Guidelines") authorizing the Debtors to retain and

employ Deloitte Tax, LLP ("Deloitte Tax") as tax services provider for the Debtors, *nunc pro tunc*

to June 6, 2016.   In support of this application (the "Application"), the Debtors submit the

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Vertellus Specialties Holding Corp. (9569); Vertellus Specialties Inc. (7240); Vertellus Agriculture & Nutrition Specialties LLC (5687); Tibbs Avenue Company (9642); Vertellus Specialties PA LLC (0900); Vertellus Health & Specialty Products LLC (6325); Vertellus Specialties MI LLC (0398); Vertellus Performance Materials Inc. (7461); Rutherford Chemicals LLC (8878); Solar Aluminum Technology Services (d/b/a S.A.L.T.S.) (3632); and MRM Toluic Company, Inc. (0544).  The mailing address of each of the Debtors, solely for purposes of notices and communications, is 201 N. Illinois Street, Suite 1800, Indianapolis, IN 46204.

*Declaration of Christopher Belleville in Support of the Application for Entry of an Order, Pursuant to Bankruptcy Code Section 327(a), Authorizing the Employment of Deloitte Tax LLP as Tax Services Provider to the Debtors Nunc Pro Tunc to June 6, 2016* (the "Belleville Declaration"), a copy of which is attached hereto as Exhibit A and incorporated herein by reference; and further respectfully represent as follows:

### Jurisdiction and Venue

1.      This court (the "Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  The Debtors consent, pursuant to Local Rule 9013-1(f), to the entry of a final judgment or order with respect to this Application, if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.

2.      Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 327(a) and 328 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014 and 2016-1.

### Background

4.      On May 31, 2016 (the "Petition Date"), each of the Debtors filed with this Court voluntary petitions for relief under the Bankruptcy Code.

5.      The Debtors continue in possession of their properties and to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On June 9, 2016, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors (the "Committee").

6.      Additional factual background regarding the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these chapter 11 cases, is set forth in more detail in the *Declaration of Philip R. Gillespie in Support of First Day Pleadings* [D.I. 4] (the "First Day Declaration"), filed on the Petition Date.

### Relief Requested

7.      By this Application, the Debtors request entry of an order (the "Proposed Order"), substantially in the form attached as Exhibit B, authorizing the Debtors to employ Deloitte Tax, *nunc pro tunc* to June 6, 2016, to perform tax advisory services for the Debtors, pursuant to and in accordance with the terms and conditions set forth in forth in the engagement letter between the parties, dated July 14, 2016 with respect to bankruptcy tax consulting services (the "Tax Consulting Engagement Letter") and set forth in the engagement letter, dated April 25, 2016 with respect to tax compliance services (the "Tax Compliance Engagement Letter" and together with the Tax Consulting Engagement Letter, the "Engagement Letters," which are attached together as Exhibit C).

### Deloitte Tax's Qualifications

8.      Deloitte Tax is tax services firm with offices across the United States.  Deloitte Tax has significant experience performing tax services and has performed such services in large and complex chapter 11 cases on behalf of debtors throughout the United States.  Deloitte Tax's services fulfill an important need and are not provided by any of the Debtors' other professionals.

9.      Deloitte Tax provides, and has provided, tax services in numerous large cases, including:  *In re Samson Res. Corp.*, Case No. 15-11934 (CSS) (Bankr. D. Del. Dec. 9, 2015) (approving the retention of Deloitte Tax as tax services provider); I*n re Rotech Healthcare*, Case No. 13-10741 (PJW) (Bankr. D. Del. June 13, 2013) (same); and *In re Overseas Shipholding Grp.,*

*Inc.*, Case No. 12-20000 (PJW) (Bankr. D. Del. Mar. 5, 2013) (approving retention of Deloitte Tax as tax advisor).

10.     Since 2008, Deloitte Tax has provided various tax services to the Debtors.  In providing such prepetition professional services to the Debtors, Deloitte Tax has become familiar with the Debtors and their financial affairs, debt structure, business operations, and related matters. Having worked with the Debtors' management, Deloitte Tax has developed relevant experience and knowledge regarding the Debtors that will assist it in providing effective and efficient services during these chapter 11 cases (the "Cases").  Accordingly, Deloitte Tax is both well-qualified and able to provide the services for the Debtors during the Cases in an efficient and timely manner.

### Services to be Provided

11.     Deloitte Tax has agreed to provide certain tax services for the Debtors in accordance with the terms and conditions set forth in the Engagement Letters.  In particular, and as requested by the Debtors and agreed to by Deloitte Tax, Deloitte Tax will provide the following services to the Debtors:

**Tax Compliance Engagement Letter**

Preparation of the federal and state tax returns of the Debtors specified on Exhibit A to the Engagement Letter.

**Tax Consulting Engagement Letter**

i.      Advise the Debtors as they consult with their counsel and financial advisors on the cash tax effects of restructuring and bankruptcy and the post-restructuring tax profile, including plan of reorganization tax costs;

ii.     Advise the Debtors regarding the restructuring and bankruptcy emergence process from a tax perspective, including the tax work plan;

iii.    Advise the Debtors on the cancellation of debt income for tax purposes under Internal Revenue Code ("IRC") section 108;

iv.     Advise the Debtors on post-bankruptcy tax attributes (tax basis in assets, tax basis in subsidiary stock and net operating loss carryovers) available under

the applicable tax regulations and the reduction of such attributes based on the Debtors' operating projections; including a technical analysis of the effects of Treasury Regulation Section 1.1502-28 and the interplay with IRC sections 108 and 1017;

v.      Advise the Debtors on potential effect of the alternative minimum tax in various post-emergence scenarios;

vi.     Advise the Debtors on the effects of tax rules under IRC sections 382(l)(5) and (l) (6) pertaining to the post-bankruptcy net operating loss carryovers and limitations on their utilization and the Debtors' ability to qualify for IRC section 382(l)(5);

vii.    Advise the Debtors on net built-in gain or net built-in loss position at the time of "ownership change" (as defined under IRC section 382), including limitations on use of tax losses generated from post-restructuring or post-bankruptcy asset or stock sales;

viii.   Advise the Debtors as to the treatment of post-petition interest for state and federal income tax purposes;

ix.     Advise the Debtors as to the state and federal income tax treatment of pre-petition and post-petition reorganization costs including restructuring-related professional fees and other costs, the categorization and analysis of such costs, and the technical positions related thereto;

x.      Advise the Debtors in their evaluation and modeling of the tax effects of liquidating, disposing of assets, merging or converting entities as part of the restructuring, including the effects on federal and state tax attributes, state incentives, apportionment and other tax planning;

xi.     Advise the Debtors on state income tax treatment and planning for restructuring or bankruptcy provisions in various jurisdictions including cancellation of indebtedness calculation, adjustments to tax attributes and limitations on tax attribute utilization;

xii.    Advise the Debtors on responding to tax notices and audits from various taxing authorities;

xiii.   Assist the Debtors with identifying potential tax refunds and advise the Debtors on procedures for tax refunds from tax authorities;

xiv.    Advise the Debtors on income tax return reporting of bankruptcy issues and related matters;

xv.     Advise the Debtors in their review and analysis of the tax treatment of items adjusted for financial reporting purposes as a result of "fresh start" accounting as required for the emergence date of the U.S. financial

statements in an effort to identify the appropriate tax treatment of adjustments to equity (including issuance of new equity, options, and/or warrants); and other tax basis adjustments to assets and liabilities recorded;

xvi.    Assist in documenting as appropriate, the tax analysis, development of the Debtors' opinions, recommendation, observations, and correspondence for any proposed restructuring alternative tax issue or other tax matter described above;

xvii.    Advise the Debtors regarding other state or federal income tax questions that may arise in the course of this engagement, as requested by the Debtors, and as may be agreed to by Deloitte Tax; and

xviii.    Advise the Debtors with their efforts to calculate tax basis in the stock in each of the Debtors' subsidiaries or other entity interests

12.    The Debtors require knowledgeable tax professionals to render these essential services.  As noted above, Deloitte Tax has substantial knowledge and experience in all of these areas.   Moreover, as also indicated above, Deloitte Tax has obtained valuable institutional knowledge of the Debtors' business and financial affairs through its services to the Debtors prior to the Petition Date.  Accordingly, the Debtors respectfully submit that Deloitte Tax is well qualified to perform these vital tax services in these chapter 11 cases.

## Compensation and the Application

13.    Subject to the Court's approval of this Application, Deloitte Tax intends to (a) charge for its services on an hourly basis in accordance with the rates agreed upon by the Debtors and Deloitte Tax in the Tax Consulting Engagement Letter, subject to future ordinary course changes in such rates,[2] (b) charge a $140,000.00 fee in connection with the services rendered under the Tax Compliance Engagement Letter, net of those amounts paid prior to the Petition Date, if any, and (b) seek reimbursement of actual and necessary out-of-pocket expenses

[2]    In the normal course of business, Deloitte Tax revises its hourly rates to reflect changes in responsibilities, increased experience, geographic differentials, and increased costs of doing business.   Changes in the foregoing rates will be noted on the statements for the first time period in which the revised rates become effective.

incurred in providing Deloitte Tax's service.  The rates disclosed in the Belleville Declaration are reasonable.  Compensating Deloitte Tax on an hourly basis is consistent with section 328(a) of the Bankruptcy Code.

14.     Deloitte Tax will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with rendering the legal services described above.  Deloitte Tax intends to apply to the Court for compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the US Trustee Guidelines and pursuant to any additional procedures that have been or may be established by the Court in these chapter 11 cases.  Deloitte Tax has agreed to accept as compensation such sums as may be allowed by the Court.  Deloitte Tax understands that interim and final fee awards are subject to approval by the Court.

## Disclosure Concerning Conflicts of Interest

15.     In reliance on the Belleville Declaration, the Debtors believe that, except as set forth in the Belleville Declaration: (a) Deloitte Tax has no connection with the Debtors, their creditors, the US Trustee for the District of Delaware, any person employed in the office of the US Trustee or any other party with an actual or potential interest in these chapter 11 cases or their respective attorneys or accountants; (b) Deloitte Tax is not a creditor, equity security holder or insider of the Debtors; (c) Deloitte Tax is not and was not, within two years of the Petition date, a director, officer or employee of the Debtors; and (d) Deloitte Tax does not have an interest adverse to the Debtors, their respective estates or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with or interest in the Debtors, or for any other reason.  Accordingly, the Debtors believe that Deloitte Tax is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code.

**Basis for Relief**

A.    **Retention and Employment of Deloitte Tax is Permitted Under Sections 327 and 1107(b) of the Bankruptcy Code**

16.    The Debtors submit that the retention of Deloitte Tax under the terms described herein is appropriate under sections 327(a), 328, and 1107 of the Bankruptcy Code. Section 327(a) of the Bankruptcy Code permits the Debtors, with the Court's approval, to employ professional persons "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title."  11 U.S.C. § 327(a). Section 101(14) of the Bankruptcy Code defines "disinterested person" as a person that:

(a)    is not a creditor, an equity security holder, or an insider;

(b)    is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and

(c)    does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

11 U.S.C. § 101(14)(A)-(C).

17.    Section 1107(b) of the Bankruptcy Code provides that "a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b). To the best of the Debtors' knowledge, except to the extent set forth in the Belleville Declaration, Deloitte Tax (i) is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, (ii) does not hold or represent an interest adverse to the Debtors'

estates, and (iii) does not have any connection with the Debtors, their significant creditors, or any other significant party in interest..

18.    Section 328(a) of the Bankruptcy Code authorizes the employment of a professional person "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis."  11 U.S.C. § 328(a). The Debtors assert that Deloitte Tax's fees and related terms are reasonable in light of the terms of Deloitte Tax's engagements in other matters of similar size and complexity.

19.    For the reasons discussed above, the Debtors believe that the retention of Deloitte Tax satisfies the requirements of sections 327(a) and 328 of the Bankruptcy Code, and the applicable Bankruptcy Rules and Local Rules. Moreover, the Debtors submit that the employment of Deloitte Tax on the terms and conditions in the Engagement Letter, as modified by the proposed order, is in the best interests of the Debtors, their estates, their creditors, and all parties in interest.

**B.**    ***Nunc Pro Tunc* Relief is Appropriate**

20.    Deloitte Tax has agreed to serve as tax services provider on and after the effective date of its engagement on the condition that the Debtors would seek approval of its employment and retention, effective *nunc pro tunc* to June 6, 2016, so that Deloitte Tax may be compensated for its services performed prior to the entry of the Proposed Order.

21.    The Debtors request approval of the employment of Deloitte Tax *nunc pro tunc* to June 6, 2016.  Such relief is warranted by the circumstances presented by these chapter 11 cases. The United States Court of Appeals for the Third Circuit has identified "time pressure to begin service" and absence of prejudice as factors favoring *nunc pro tunc* retention.  *See Matter of Arkansas Co.*, 798 F.2d 645, 650 (3d Cir. 1986).  The complexity of these chapter 11 cases, including a comprehensive sale and marketing process and the commencement by the Debtors, immediately following the closing of the sale, of the process of liquidating their remaining assets

have necessitated that the Debtors, Deloitte Tax and the Debtors' other professionals begin focusing their immediate attention on time-sensitive tax matters and devote substantial resources to the affairs of the Debtors pending submission and approval of this Application.

22.     Moreover, upon the commencement of these cases, the Debtors filed a *Motion of Debtors for Authorization to Retain and Pay Professionals Utilized by the Debtors in the Ordinary Course of Business* [Dkt. No. 18] (the "OCP Motion").  At the time of the filing of the OCP Motion, Deloitte Tax was listed as a proposed ordinary course professional.  Prior to the hearing on the OCP Motion but subsequent to certain services rendered by Deloitte Tax to the Debtors, the Office of the United States Trustee requested that Deloitte Tax be removed as a proposed ordinary course professional and separately retained.  Since that time, the Debtors and Deloitte Tax were engaged in ongoing discussions regarding whether Deloitte Tax wished to be separately retained in the bankruptcy case.  Ultimately, Deloitte Tax resumed services and sought retention by the Debtors *nunc pro tunc*.

23.     The Debtors believe that no party in interest will be prejudiced by the granting of the *nunc pro tunc* employment, as provided in this Application, because Deloitte Tax has been providing valuable services to the Debtors.  Accordingly, the Debtors respectfully requests entry of an order authorizing the Debtors to retain and employ Deloitte Tax, effective *nunc pro tunc* to June 6, 2016.

### Notice

24.     Notice of this Application shall be provided to:  (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Committee; (c) counsel to the DIP Agent and the DIP Lenders; (d) counsel to the Prepetition Term Agent and Prepetition Term Lenders; (e) counsel to the Prepetition ABL Agent and Prepetition ABL Lenders; (f) the United States Attorney for the District of Delaware, (g) the Securities and Exchange Commission; (h) the Internal

Revenue Service; and (i) those parties who have requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors respectfully submit that no further notice of this Application is required.

*[remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form attached hereto as <u>Exhibit B</u>, granting the relief requested herein on a final basis and granting such other and further relief as the Court may deem proper.

Dated: July 26, 2016

**Vertellus Specialties Inc.**

*/s/ Philip R. Gillespie*
By:     Philip R. Gillespie
Title:   Vice President & Chief Financial Officer