IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
In re:                                               :
                                                     :  Chapter 11
VSI Liquidating Inc. (f/k/a In re: Vertellus         :
Specialties, Inc.) *et al.*,[1]                      :  Case No. 16-11290 (CSS)
                                                     :
           Debtors.                                  :  (Jointly Administered)
                                                     :
------------------------------------------------------------x  **Re: Dkt. No. 737 & 775**

**NOTICE OF (I) ENTRY OF CONFIRMATION ORDER, (II) OCCURRENCE OF EFFECTIVE DATE UNDER DEBTORS' MODIFIED FIRST AMENDED PLAN OF LIQUIDATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE, (III) DEADLINE TO FILE REQUESTS FOR PAYMENT OF ADMINISTRATIVE CLAIMS, (IV) DEADLINE FOR PROFESSIONALS TO FILE FINAL FEE APPLICATIONS PURSUANT TO SECTIONS 328, 330 AND 503(B) OF THE BANKRUPTCY CODE AND (V) DEADLINE TO FILE CLAIMS ARISING FROM REJECTION OF EXECUTORY CONTRACTS OR UNEXPIRED LEASES**

**PLEASE TAKE NOTICE** that on December 15, 2016, the Debtors filed the *Debtors' First Amended Plan of Liquidation Under Chapter 11 of the Bankruptcy Code* [Docket No. 603] (the "First Amended Plan") and the *Disclosure Statement for the Debtors' First Amended Plan of Liquidation Under Chapter 11 of the Bankruptcy Code* (the "Disclosure Statement") [Docket No. 604].

**PLEASE TAKE FURTHER NOTICE** that on December 19, 2016, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered the *Order (I) Approving the Disclosure Statement, (II) Establishing Solicitation and Voting Procedures, (III) Scheduling a Confirmation Hearing, and (IV) Establishing Notice and Objection Procedures for Confirmation of the Plan* [Docket No. 631] (the "Disclosure Statement Order").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: VSI Holdings Liquidating Corp. (f/k/a Vertellus Specialties Holdings Corp.) (9569); VSI Liquidating Inc. (f/k/a Vertellus Specialties Inc.) (7240); VANS Liquidating LLC (f/k/a Vertellus Agriculture & Nutrition Specialties LLC) (5687); Tibbs Liquidating Company (f/k/a Tibbs Liquidating Company) (9642); VSPA Liquidating LLC (f/k/a Vertellus Specialties PA LLC) (0900); VHSP Liquidating LLC (f/k/a Vertellus Health & Specialty Products LLC) (6325); VSMI Liquidating LLC (f/k/a Vertellus Specialties MI LLC) (0398); VPM Liquidating Inc. (f/k/a Vertellus Performance Materials Inc.) (7461); Rutherford Liquidating LLC (f/k/a Rutherford Chemicals LLC) (8878); SALTS Liquidating Partnership (f/k/a Solar Aluminum Technology Services d/b/a S.A.L.T.S.) (3632); and MRM Liquidating Inc. (f/k/a MRM Toluic Company, Inc.) (0544). The mailing address of each of the Debtors, solely for purposes of notices and communications, is 201 N. Illinois Street, Suite 1800, Indianapolis, IN 46204.

**PLEASE TAKE FURTHER NOTICE** that on February 17, 2017, the Debtors filed the *Debtors' Modified First Amended Plan of Liquidation Under Chapter 11 of the Bankruptcy Code* [Docket No. 737] (the "Plan").[2]

**PLEASE TAKE FURTHER NOTICE** that on February 24, 2017, the Bankruptcy Court held a hearing on confirmation of the Plan.  On that date, the Bankruptcy Court entered the *Order Confirming the Debtors' Modified First Amended Plan of Liquidation Under Chapter 11 of the Bankruptcy Code* [Docket No. 775] (the "Confirmation Order").

**PLEASE TAKE FURTHER NOTICE** that on April 7, 2017, all conditions to the occurrence of the Effective Date set forth in the Plan and Confirmation Order were satisfied or waived in accordance therewith and the Effective Date of the Plan occurred.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Article II.B of the Plan and the Confirmation Order, requests for payment of Administrative Claims that accrued on or after October 1, 2016, together with accompanying documentation, **must be filed with the Bankruptcy Court on or before 5:00 p.m., prevailing Eastern time, on the first Business Day that is thirty (30) days after the Effective Date**.  Each holder of an Administrative Claim shall (a) file with the Bankruptcy Court a request for payment of Administrative Claim through the Bankruptcy Court's ECF filing system, or, if permitted by the Local Rules of the Bankruptcy Court, by mailing, hand delivering or delivering by courier service, such request for payment of Administrative Claim to the Clerk of the Bankruptcy Court at 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801 and (b) serve such request on counsel for (i) the Debtors, (ii) the Creditors Committee, and (iii) the Liquidating Trustee Zolfo Cooper, LLC, 1114 Avenue of the Americas, 41st Floor, New York, NY 10036, Attn: David MacGreevey with a copy to Hahn & Hessen LLP, 488 Madison Avenue, 15th Floor New York, NY 10022 Attn: Mark Power and Janine Figueiredo.  The request for payment of an Administrative Claim will be timely filed only if it actually received by the above parties by 5:00 p.m., prevailing Eastern time, on such date.  Requests for payment of Administrative Claims may not be delivered by facsimiles, telecopy, or electronic mail transmission.

**PLEASE TAKE FURTHER NOTICE** that all Professionals employed by the Debtors or the Creditors Committee in these Chapter 11 Cases, other than those Professionals who have been otherwise relieved of the requirement to file fee applications by prior orders of the Court, shall not be required to file a request for payment of any Administrative Claim on or before the Administrative Claims Bar Date for fees and expenses arising under sections 330, 331 or 503(b)(2-5) of the Bankruptcy Code, as such Professionals will instead file final fee applications as required by the Bankruptcy Code and the Bankruptcy Rules.  All such Professionals shall file all requests for allowance of compensation and reimbursement of expenses pursuant to sections 328, 330 or 503(b) of the Bankruptcy Code for services performed and expenses incurred in these Chapter 11 Cases through the Effective Date by **no later than sixty (60) days following the Effective Date.**  The Liquidating Trust shall pay each holder of Accrued Professional Compensation in satisfaction of such Accrued Professional Compensation, the full unpaid amount of such Accrued Professional Compensation that has been approved by order of the Bankruptcy Court (or such amounts approved under the procedures provided under the Interim

---

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

Compensation Procedures Order) in cash within five (5) business days after the entry of such Bankruptcy Court order (or under such procedures provided under the Interim Compensation Procedures Order).

**PLEASE TAKE FURTHER NOTICE** that any Claims created by the rejection of executory contracts or unexpired leases pursuant to Article VII.A of the Plan must be filed with the Bankruptcy Court and served on the Debtors and the Liquidating Trustee, **no later than thirty (30) days after service of this notice of the Effective Date.** Pursuant to the Plan and Confirmation Order, all executory contracts that existed between the Debtors and any person or entity immediately prior to the Confirmation Date were deemed rejected on the Effective Date except for any executory contracts or unexpired leases: (i) that were assumed or rejected pursuant to another order of the Bankruptcy Court, including without limitation the sale order entered prior to the Effective Date, (ii) as to which a motion or notice for approval of the assumption of such executory contract or unexpired lease has been filed and served prior to the Effective Date, or (iii) which constitutes an Applicable Insurance or Other Insurance Contract (as defined in the Plan). Any Claims arising from the rejection of an executory contract or unexpired lease pursuant to Article VII.A of the Plan for which proofs of Claim are not timely filed within that time period will be forever barred from assertion against the Debtors, the Estates, the Liquidating Trustee, and the Environmental Response Trustee, their successors and assigns, and their assets and properties, unless otherwise ordered by the Bankruptcy Court or as otherwise provided in the Plan or Confirmation Order. All such Claims shall, as of the Effective Date, be subject to the permanent injunction set forth in Article IX.E of the Plan. Unless otherwise ordered by the Bankruptcy Court, all such Claims that are timely filed as provided herein shall be treated as General Unsecured Claims under the Plan and shall be subject to the provisions of Article III therein.

**PLEASE TAKE FURTHER NOTICE** that any Person desiring to remain on the Debtors' Bankruptcy Rule 2002 service list shall be required to file a request for continued service and to serve such request upon counsel to the Liquidating Trustee, Hahn & Hessen LLP at the address listed above. Parties who do not file a request for continued service shall be removed from the Debtors' Bankruptcy Rule 2002 service list upon the Effective Date and shall be served with pleadings only where they have a direct pecuniary interest in the relief sought by the pleading.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Plan, as of the Effective Date, the Liquidating Trust shall be administered pursuant to the terms and conditions provided in the Liquidating Trust Agreement, and the Environmental Response Trust shall be administered pursuant to Environmental Response Trust Agreement. Any interested party may review and download the Plan, the Confirmation Order, or and other related documents, including without limitation, the Liquidating Trust Agreement, and the Environmental Response Trust Agreement, free of charge at http://www.kccllc.net/vertellus/ or by requesting a paper copy by calling Kurtzman Carson Consultants LLC at (888) 751-2619.

*[remainder of page intentionally left blank]*

Dated: April 10, 2017
Wilmington, Delaware

Respectfully submitted,

**MORRIS JAMES LLP**

/s/ Jeffrey R. Waxman
Jeffrey R. Waxman (DE Bar No. 4159)
Eric J. Monzo (DE Bar No. 5214)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19801-1494
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: jwaxman@morrisjames.com
E-mail: emonzo@morrisjames.com

-and-

**HAHN & HESSEN LLP**
Mark T. Power, Esq. (pro hac vice)
Mark S. Indelicato, Esq. (pro hac vice)
Janine M. Figueiredo, Esq. (pro hac vice)
Joseph Orbach, Esq. (pro hac vice)
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400
E-mail: mpower@hahnhessen.com
E-mail: mindelicato@hahnhessen.com
E-mail: jfigueiredo@hahnhessen.com
E-mail: jorbach@hahnhessen.com

Counsel to the Liquidating Trustee